Donald ARCHER, Plaintiff—Appellant,

v.

Kenneth S. APFEL, Commissioner,
Commissioner of Social Security,
Defendant—Appellee.

No. 02–35048.
D.C. No. CV–01–00004–CI.

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 2003.*

Decided May 19, 2003.

Appeal from the United States District Court for the Eastern District of Washington, Edward F. Shea, District Judge, Presiding.

Before CUDAHY,** O'SCANNLAIN, and GOULD, Circuit Judges.

MEMORANDUM***

Donald Archer appeals the district court's judgment affirming the denial of

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

Social Security disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the facts are known to the parties, we relate them herein only when necessary to understanding our decision.

*Archer's Testimony*

■ The administrative law judge (ALJ) discredited Archer's subjective testimony regarding pain and gave several specific reasons for doing so. *See Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir.1998). However, not all of the reasons given were legitimate considerations.

First, the ALJ erred by considering Archer's good work history before the alleged onset date as evidence for discrediting his testimony. Directly contrary to the position taken by the ALJ, Archer's good work history over an extended period is a factor that should have enhanced his credibility. *Cf. Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir.2002) (holding that claimant's "extremely poor work history" shows that she has little propensity to work and negatively affects "her credibility regarding her inability to work"). Archer's history shows that he was a hardworking person who did not shrink from work when able to do it. This enhances credibility on his claimed disability.

Second, the ALJ erred by considering Archer's completion of a community college degree that the ALJ thought was gained after disability onset as evidence for discrediting his testimony. The ALJ's reasoning on this factor was not cogent nor proper because the record shows plainly that the college degree was completed before the onset date ·on which Archer alleged disability. That a person with some impairment may seek to retool or prepare for other work by continuing education does not detract from that person's credibility if they claimed a later onset of disability.

Finally, the ALJ erred by relying on his observation of Archer's demeanor during the hearing. Archer's demeanor at the hearing provides little, if any, support for the ALJ's decision to discredit the testimony. *See Gallant v. Heckler,* 753 F.2d 1450, 1455 (9th Cir.1984). Here, these specific observations by the ALJ of Archer's ability to sit during the hearing were an improper basis to challenge his credibility on claims of disability.

We note that the ALJ articulated some other reasons for rejecting the testimony, which were both specific and cogent. However, under the circumstances of this case, we are concerned that the three considerations that we above hold were improper may have affected the ALJ's credibility assessment of Archer and hence the ultimate determination of disability. On remand the ALJ may reconsider the credibility of Archer, and of Archer's testimony about disability, based on permissible grounds.

*Mrs. Archer's Testimony*

■ Archer's wife also testified at the hearing regarding her husband's alleged limitations. Her testimony corroborated her husband's testimony, but the ALJ disregarded the testimony. Lay testimony regarding a claimant's symptoms is competent evidence that must be considered and may only be disregarded for germane reasons. *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir.2001). Here, the ALJ erred because no reasons were given for disregarding Mrs. Archer's testimony. The ALJ merely noted that Mrs. Archer's testimony corroborated the statements of her husband, but the ALJ did not make specific credibility determination regarding Mrs. Archer. Because Mrs. Archer's testimony,

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

if credited, may affect the determination of whether Archer is disabled, we remand this case back to the ALJ with instructions to make a credibility finding with respect to Mrs. Archer's testimony as a part of the ALJ's reconsideration of Archer's claimed disability.

**VACATED AND REMANDED WITH INSTRUCTIONS.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.